# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| UNITED STATES OF AMERICA, | No. 23-CR-3026-LTS-KEM |
|---|---|
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| NICHOLAS WALTER JANVRIN, | |
| Defendant. | |

_____

Defendant Nicholas Walter Janvrin is charged with possession of a firearm by a felon and unlawful drug user (methamphetamine), in violation of 18 U.S.C. §§ 922(g)(1), (3). Docs. 3, 38. Janvrin moves to dismiss the § 922(g)(3) charge (Doc. 38), arguing that § 922(g)(3)'s prohibition on firearm possession violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,[1] as drug users were not historically prohibited from possessing firearms. I recommend **denying** the motion to dismiss.

This court has previously rejected Janvrin's precise argument.[2] Janvrin relies on an August 2023 Fifth Circuit case holding otherwise, but I continue to find more persuasive the Eighth Circuit's opinion in *Jackson*[3] (rejecting a post-*Bruen* challenge to § 922(g)(1)) and district court cases in this circuit (rejecting post-*Bruen* challenges to § 922(g)(3)). In this circuit, rather than adopting a "narrow view" of the "historical analogue" test, founding-era laws "'employ[ing] status-based restrictions to disqualify

---

[1] 142 S. Ct. 2111 (2022).

[2] *United States v. Cobbs*, No. CR22-4069-LTS, 2023 WL 8599708 (N.D. Iowa Dec. 11, 2023) (adopting report and recommendation).

[3] *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023).

categories of persons from possessing firearms,' including 'persons who deviated from legal norms,'" are the "historical analogue" allowing Congress to prohibit drug users from possessing firearms.[4]

I recommend **DENYING** Janvrin's motion to dismiss the indictment (Doc. 38).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[5] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[6] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

**DATED** March 22, 2024.

*Kelly K.E. Mahoney* (signature)
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[4] *Id.* at *3-4 (quoting *Jackson*, 69 F.4th at 502).

[5] **LCrR 59**.

[6] *See* **Fed. R. Crim. P. 59**.

[7] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).